WILSON TURNER KOSMO LLP
MERYL C. MANEKER (SBN 188342)
DESSI P. NINTCHEVA (SBN 207699)
mmaneker@wilsonturnerkosmo.com
dnintcheva@wilsonturnerkosmo.com
550 West C Street, Suite 1050
San Diego, California 92101
Telephone:  (619) 236-9600
Facsimile:   (619) 236-9669

PATTISHALL, MCAULIFFE, NEWBURY, HILLIARD & GERALDSON LLP
THAD CHALOEMTIARANA (*Pro Hac Vice* to be filed)
BRADLEY L. COHN (*Pro Hac Vice* to be filed)
tc@pattishall.com
blc@pattishall.com
200 South Wacker Drive, Suite 2900
Chicago, Illinois 60606
Telephone: (312) 554-8000
Facsimile: (312) 554-8015

Attorneys for Plaintiffs
ROBERT BOSCH GMBH and ROBERT BOSCH LLC

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT BOSCH GMBH and ROBERT BOSCH LLC,<br><br>Plaintiffs,<br><br>v.<br><br>MUSCLE MOTORS PERFORMANCE, INC.,<br><br>Defendant. | CASE NO.  '16CV0594 JAH BGS<br><br>**COMPLAINT FOR COUNTERFEITING, TRADEMARK INFRINGEMENT, UNFAIR COMPETITION, FALSE ADVERTISING, AND CYBERSQUATTING** |

Plaintiffs, Robert Bosch GmbH and Robert Bosch LLC (collectively, "Bosch") allege as follows:

## PARTIES

1.    Plaintiff Robert Bosch GmbH ("Robert Bosch") is a German corporation with its principal place of business in Stuttgart, Germany.

2.    Plaintiff Robert Bosch LLC ("RBUS") is a Delaware limited liability company with offices at 2800 South 25th Avenue, Broadview, Illinois 60155.

-1-   Case No.
COMPLAINT FOR COUNTERFEITING, TRADEMARK INFRINGEMENT,
UNFAIR COMPETITION, FALSE ADVERTISING, AND CYBERSQUATTING

1  RBUS's sole member is Robert Bosch North America Corporation, a Delaware

2  corporation with its principal place of business in Farmington Hills, Michigan.

3    3.    Defendant Muscle Motors Performance, Inc. ("Defendant") is a

4  California corporation with its place of business at 1611 South Rancho Santa Fe,

5  Suite F, San Marcos, California 92078.

6  **JURISDICTION AND VENUE**

7    4.    This Court has jurisdiction because (i) this action arises under the

8  Trademark Act of 1946, as amended, 15 U.S.C. §§ 1051 *et seq.* (the "Lanham Act"),

9  and jurisdiction is specifically conferred by 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331

10  and 1338(a) and (b), and (ii) this is an action between citizens of different states in

11  which the value of the amount in controversy exceeds seventy-five thousand dollars

12  ($75,000.00), exclusive of interest and costs, jurisdiction being conferred in

13  accordance with 28 U.S.C. § 1332.  Jurisdiction for the California state statutory and

14  common law claims is conferred in accordance with the principles of supplemental

15  jurisdiction pursuant to 28 U.S.C. § 1367(a).

16    5.    Venue is proper in this Court under 28 U.S.C. § 1391(b)(2) in that a

17  substantial part of the events or omissions giving rise to the claims occurred in this

18  judicial district.  Venue is also proper under 28 U.S.C. § 1391(c) as Defendant

19  resides in and is subject to jurisdiction in this district.

20  **FACTS**

21  Bosch and its Valuable and Well-Known Trademarks

22    6.    Robert Bosch is a German corporation that has been manufacturing and

23  selling products under the well-known BOSCH brand name and trademark for more

24  than 100 years.  Robert Bosch conducts business in a wide-range of industries,

25  including the OEM and aftermarket automotive parts industries.

26    7.    For many years, and long before the acts of Defendant complained of

27  herein, Robert Bosch and its licensees have used the distinctive marks BOSCH

28  -2-    Case No.

COMPLAINT FOR COUNTERFEITING, TRADEMARK INFRINGEMENT,
UNFAIR COMPETITION, FALSE ADVERTISING, AND CYBERSQUATTING

1  (hereinafter, the "BOSCH Mark") and ⊖ (hereinafter, the "Bosch Magneto

2  Mark") (collectively, the "Bosch Marks") in the United States in connection with

3  the sale of automotive parts, including fuel pumps and fuel injectors.

4      8.    Robert Bosch is the owner of numerous active federal trademark

5  registrations with the United States Patent and Trademark Office (hereinafter,

6  "USPTO") either consisting of or incorporating the BOSCH Mark and/or the Bosch

7  Magneto Mark, including but not limited to the following:

| Mark | Goods | Reg. No. | Reg. Date |
|---|---|---|---|
| BOSCH | Starters for combustion engines and diesel engines (not for land vehicles); magnetos, transistorized ignitions for engines; ignition components for engines, namely ignition coils, ignition distributors, contact sets and spark plugs; electric motors (not for land vehicles); electric generators and alternators; fuel injection systems for gasoline engines comprising fuel pumps, injectors, fuel rails, fuel pressure regulators, governors, idle speed actuators, throttle switches air valves and magnetic valves; diesel engine fuel injection equipment, namely, | 1,637,401 | Mar. 12, 1991 |

-3-   Case No.
COMPLAINT FOR COUNTERFEITING, TRADEMARK INFRINGEMENT, UNFAIR COMPETITION, FALSE ADVERTISING, AND CYBERSQUATTING

| Mark | Goods | Reg. No. | Reg. Date |
|---|---|---|---|
| | injection pumps, nozzles, nozzle holders, delivery valves, magnetic valves and timers; flame starters for diesel engines; heating flanges, glow plugs for diesel engines; air, oil and fuel filters for engines (not for land vehicles); electro-hydraulic pumps, hydraulic accumulators, hydraulic cylinders, hydraulic piston motors, hydraulic valves; pneumatic cylinders, pneumatic door actuators and air compressors, in International Class 7.

Starters for land vehicle engines; electric motors for land vehicles; air, oil and fuel filters for land vehicle engines; hydraulic steering pumps for land vehicles, in International Class 12. | | |
|  | Fuel-injection devices for internal-combustion motors, | 263,502 | Nov. 5, 1929 |

COMPLAINT FOR COUNTERFEITING, TRADEMARK INFRINGEMENT, UNFAIR COMPETITION, FALSE ADVERTISING, AND CYBERSQUATTING

| Mark | Goods | Reg. No. | Reg. Date |
|------|-------|----------|-----------|
| | comprising fuel-injection pumps, nozzles, jets, nozzle holders, in International Class 7. | | |
|  | Lubricating devices for all kinds of machines, comprising oil pumps, grease pumps, lubricant distributors; fuel injection equipment used with internal combustion engines comprising fuel injection pumps, nozzles, nozzle-holders, injection timing devices, governors; fuel feed pumps; filters for fuel and oil; flushing and charging blowers for motors; fluid operated equipment, pressure and vacuum equipment, servo equipment, said equipments comprising pumps, motors, actuating cylinders, valves, control apparatus, pressure accumulators . . . , in International Class 7. | 633,563 | Dec. 8, 1955 |

9.     The registrations in the table above have become incontestable in accordance with 15 U.S.C. §§ 1065 and 1115(b) and, accordingly, constitute

-5-     Case No.

COMPLAINT FOR COUNTERFEITING, TRADEMARK INFRINGEMENT, UNFAIR COMPETITION, FALSE ADVERTISING, AND CYBERSQUATTING

1  conclusive evidence of Robert Bosch's exclusive right to use the marks identified in
2  these registrations throughout the United States.

3       10.    RBUS manufactures, markets, and sells automotive, consumer, and
4  industrial technology products throughout the United States, including vehicle parts
5  and systems.

6       11.    For many years, RBUS and its predecessors have manufactured and
7  sold vehicle parts and systems under the Bosch Marks, including fuel pumps and
8  fuel injectors, pursuant to a license agreement with Robert Bosch.

9       12.    The vehicle parts and systems sold under the Bosch Marks are subject
10 to a strict quality control program implemented by Robert Bosch that protects and
11 preserves all aspects of such products, including their components, safety,
12 appearance, and packaging.

13      13.    RBUS has used the Bosch Marks for many years, has sold billions of
14 dollars worth of goods and services in the United States under those marks, and has
15 spent substantial sums marketing and promoting goods and services under those
16 marks.

17      14.    By virtue of the aforementioned sales and marketing, the Bosch Marks
18 have become famous throughout the United States, and represent extremely valuable
19 goodwill for Bosch.

20 <u>Defendant and Its Use of the Bosch Marks</u>

21      15.    Defendant is in the business of distributing and selling automotive parts,
22 including fuel pumps and fuel injectors.  Defendant sells these automotive products
23 through various channels, including through its website at the domain name
24 <boschdealer.com>.

25      16.    Defendant is selling, offering for sale, and advertising automotive
26 products, including fuel pumps and fuel injectors, under the Bosch Marks that are
27 not genuine Bosch products.

28                                      -6-   Case No.

COMPLAINT FOR COUNTERFEITING, TRADEMARK INFRINGEMENT,
UNFAIR COMPETITION, FALSE ADVERTISING, AND CYBERSQUATTING

17.   Defendant's products include fuel pumps bearing the Bosch Marks that Defendant promotes as "genuine" Bosch products, but which are in fact counterfeit.

18.   Defendant's products also include fuel injectors bearing the Bosch Marks that Defendant promotes as "genuine" Bosch products but that have been so heavily modified they can no longer be said to be Bosch products.

19.   Defendant advertises genuine Bosch fuel injectors as capable of being used with a variety of fuel types for which the products have not been approved for use by Bosch.

20.   Defendant has also registered and is using the domain name <boschdealer.com>, which incorporates the BOSCH mark without Bosch's authorization.

21.   On information and belief, Defendant advertises and sells non-Bosch products through its www.boschdealer.com website.

<u>Defendant's Sale of Counterfeit Bosch Products</u>

22.   In February 2015, Bosch acquired from Defendant through the www.boschdealer.com website a purportedly new, genuine fuel pump with Bosch part number 0580254044 bearing the Bosch Marks.

23.   After receiving the fuel pump, Bosch engineers evaluated the pump. Although the fuel pump and its packaging bore the Bosch Marks, the Bosch engineers determined that the fuel pump was not a genuine Bosch product. This determination was based on discrepancies in the packaging and labeling of the fuel pump, markings on the pump itself, and the visual appearance of the pump.

24.   On November 3, 2014, Bosch filed a lawsuit in the Central District of California against Deeds Performance and Joshua Lee Deeds, assigned Case No. 2:14-cv-08517-BRO-AJW, which included a claim for the sale of counterfeit fuel pumps bearing the Bosch Marks.  The court concluded that  case by issuing a permanent injunction and final judgment against Deeds Performance and Joshua

COMPLAINT FOR COUNTERFEITING, TRADEMARK INFRINGEMENT, UNFAIR COMPETITION, FALSE ADVERTISING, AND CYBERSQUATTING

1   Deeds. In that case, Joshua Lee Deeds identified Defendant as the source of the

2   counterfeit fuel pumps at issue.

3               Defendant's Sale of Heavily Modified and Infringing Bosch Products

4        25.    Bosch learned that Defendant also was advertising and selling

5   purportedly genuine fuel injectors bearing the Bosch Marks.

6        26.    In March 2015, Bosch acquired from Defendant through the

7   www.boschdealer.com website several fuel injectors with Bosch part number

8   0280158051 bearing the Bosch Marks.

9        27.    Bosch engineers evaluated the fuel injectors and determined that they

10  were originally manufactured by Bosch but had been heavily modified.  The Bosch

11  engineers found that the injector tip was ground down to make it angled as opposed

12  to flat, the orifice plate was removed, and the valve seat hole was widened.

13       28.    Nothing on Defendant's www.boschdealer.com website indicates that

14  the fuel injectors Defendant sold had been modified.  Indeed, the Defendant's

15  website states that these parts are "Genuine Bosch High Impedance Injectors."

16       29.    Among other potential issues, the modifications to these parts could

17  result in a user experiencing engine problems and could have a negative impact on

18  the vehicle's emissions.

19              Defendant's False Advertising of Bosch's Products

20       30.    In addition to the fuel injectors discussed in Paragraphs 25–29,

21  Defendant advertises and sells a second type of fuel injector in connection with the

22  Bosch Marks, which is promoted on Defendant's www.boschdealer.com website as

23  a "210lb/hour Bosch Fuel Injector High Impedance w/Denso Connector."

24       31.    On the www.boschdealer.com website, Defendant advertises that these

25  fuel injectors are "fully compatible with alternate fuels and alcohol" and that the

26  "Acceptable Fuels" include "Gas/Petrol, alcohol/methanol, E85, [and] CNG."

27

28                                           -8-    Case No.
    COMPLAINT FOR COUNTERFEITING, TRADEMARK INFRINGEMENT,
    UNFAIR COMPETITION, FALSE ADVERTISING, AND CYBERSQUATTING

32.    These fuel injectors have been approved by Bosch for use only with CNG (*i.e.*, compressed natural gas), and are not approved for use with gas/petrol, alcohol/menthol, or E85 fuels.  Use of these fuel injectors with fuel types other than CNG can lead to faster corrosion and failure of the fuel injectors.

<u>Harm to Bosch</u>

33.    On information and belief, Defendant's aforementioned uses of the Bosch Marks constitute a deliberate, intentional and willful attempt to trade upon Bosch's business reputation and goodwill in the Bosch Marks.

34.    As a result of Defendant's aforementioned acts of counterfeiting, trademark infringement, unfair competition, and cybersquatting, Defendant's customers and potential customers have been and/or are likely to be confused into thinking that the counterfeit Bosch fuel pumps and modified Bosch fuel injectors sold by Defendant are genuine Bosch products.

35.    As a result of Defendant's aforementioned acts of false advertising, Defendant's customers and potential customers have been and/or are likely to be deceived as to the nature and performance characteristics of the Bosch fuel injectors sold by Defendant.

36.    Defendant's counterfeit and infringing uses of the Bosch Marks, and its false advertising of Bosch products, have caused and will continue to cause irreparable harm to Bosch and to the goodwill it owns in the Bosch Marks, as well as lost sales.

**COUNT I**

**(TRADEMARK COUNTERFEITING IN VIOLATION**

**<u>OF SECTIONS 32 AND 34(d)(1)(B) OF THE LANHAM ACT)</u>**

37.    Bosch repeats and realleges the allegations contained in Paragraphs 1 through 36 as if fully set forth herein.

-9-    Case No.

COMPLAINT FOR COUNTERFEITING, TRADEMARK INFRINGEMENT,
UNFAIR COMPETITION, FALSE ADVERTISING, AND CYBERSQUATTING

38.     Defendant's aforesaid use of the Bosch Marks on fuel pumps that are not genuine Bosch fuel pumps constitutes use of spurious marks identical with, or substantially indistinguishable from, Bosch's genuine Bosch Marks, which are federally registered for use in connection with fuel pumps. *See* U.S. Reg. Nos. 263,502; 633,563; and 1,637,401.

39.     Defendant's acts have caused and/or are likely to cause confusion, mistake, or deception as to the source, origin, sponsorship, or approval of Defendant's goods.

40.     Defendant's acts constitute trademark counterfeiting of the Bosch Marks in violation of Sections 32(1) and 34(d)(1)(B) of the Lanham Act, 15 U.S.C. §§ 1114(1) and 1116(d)(1)(B).

41.     Defendant's acts greatly and irreparably damage Bosch and will continue to so damage Bosch unless restrained by the Court; wherefore, Bosch is without an adequate remedy at law.  Accordingly, Bosch is entitled to, among other relief, an order permanently enjoining and restraining Defendant from using the Bosch Marks in connection with the sale of non-genuine Bosch products.

## COUNT II

## (TRADEMARK INFRINGEMENT IN VIOLATION

## OF SECTION 32 OF THE LANHAM ACT)

42.     Bosch repeats and realleges the allegations contained in Paragraphs 1 through 36 as if fully set forth herein.

43.     Defendant's aforesaid uses of the Bosch Marks in connection with the sale of non-genuine Bosch fuel pumps, the advertising and sale of modified Bosch fuel injectors, and in the <boschdealer.com> domain name are likely to cause confusion, mistake, or deception as to source, origin, sponsorship, or approval of Defendant's goods.

-10-   Case No.

COMPLAINT FOR COUNTERFEITING, TRADEMARK INFRINGEMENT, UNFAIR COMPETITION, FALSE ADVERTISING, AND CYBERSQUATTING

44.     Defendant's actions, thus, constitute trademark infringement of the Bosch Marks in violation of Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1).

45.     Defendant's acts greatly and irreparably damage Bosch and will continue to so damage Bosch unless restrained by this Court; wherefore, Bosch is without an adequate remedy at law.  Accordingly, Bosch is entitled to, among other relief, an order permanently enjoining and restraining Defendant from using the Bosch Marks in connection with non-genuine Bosch products or modified Bosch products, and the <boschdealer.com> domain name.

## COUNT III

## (UNFAIR COMPETITION IN VIOLATION

## OF SECTION 43(a) OF THE LANHAM ACT)

46.     Bosch repeats and realleges the allegations contained in Paragraphs 1 through 36 as if fully set forth herein.

47.     Defendant's aforesaid uses of the Bosch Marks in connection with the sale of non-genuine Bosch fuel pumps, the advertising and sale of modified Bosch fuel injectors, and in the <boschdealer.com> domain name are likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of Defendant with Bosch, or as to the origin, sponsorship, or approval of Defendant's goods, in that purchasers are likely to believe that Bosch authorizes or controls the sale, offering, or provision of Defendant's goods, or that Defendant is associated with or authorized by Bosch to sell, offer, or provide those goods.

48.     Defendant's actions, thus, constitute unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

49.     Defendant's acts greatly and irreparably damage Bosch and will continue to so damage Bosch unless restrained by this Court; wherefore, Bosch is without an adequate remedy at law.  Accordingly, Bosch is entitled to, among other relief, an order permanently enjoining and restraining Defendant from using the

-11-   Case No.

COMPLAINT FOR COUNTERFEITING, TRADEMARK INFRINGEMENT, UNFAIR COMPETITION, FALSE ADVERTISING, AND CYBERSQUATTING

Bosch Marks in connection with non-genuine Bosch products or modified Bosch products, and the <boschdealer.com> domain name.

**COUNT IV**

**(FALSE ADVERTISING IN VIOLATION**

**OF SECTION 43(a) OF THE LANHAM ACT)**

50.    Bosch repeats and realleges the allegations contained in Paragraphs 1 through 36 as if fully set forth herein.

51.    Defendant advertises fuel pumps on its www.boschdealer.com website in a manner that falsely suggests that such products are new, genuine Bosch products.

52.    Defendant further advertises modified Bosch fuel injectors on its www.boschdealer.com website in a manner that falsely suggests that such products are new, genuine, and unmodified Bosch products.

53.    Defendant also advertises genuine Bosch fuel injectors on the www.boschdealer.com website in a manner that falsely suggests that such products are "fully compatible" with several different fuel types for which the products are not approved for use.

54.    Defendant's claims have actually deceived, have the tendency to deceive, and/or are likely to deceive consumers.

55.    The resulting deception caused by the Defendant's claims is material, in that the Defendant's claims are likely to influence the purchasing decision of purchasers of fuel pumps and fuel injectors, as well as other Bosch products sold on the www.boschdealer.com website.

56.    Such commercial advertising by Defendant constitutes false and/or misleading statements of fact that misrepresent the nature, characteristics, and qualities of the products in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

COMPLAINT FOR COUNTERFEITING, TRADEMARK INFRINGEMENT, UNFAIR COMPETITION, FALSE ADVERTISING, AND CYBERSQUATTING

57.     Defendant's acts greatly and irreparably damage Bosch and will continue to so damage Bosch unless restrained by this Court; wherefore, Bosch is without an adequate remedy at law.  Accordingly, Bosch is entitled to, among other relief, an order permanently enjoining and restraining Defendant from using the Bosch Marks in connection with non-genuine Bosch products or modified Bosch products, or from falsely advertising such products.

**COUNT V**

**(CYBERSQUATTING IN VIOLATION OF**

**SECTION 43(d) OF THE LANHAM ACT)**

58.     Bosch repeats and realleges the allegations contained in Paragraphs 1 through 36 as if fully set forth herein.

59.     On information and belief, Defendant, without authorization from Bosch, registered and first used the <boschdealer.com> domain name long after Bosch's registration and use of its BOSCH mark.

60.     Defendant does not have any trademark or other intellectual property rights in the <boschdealer.com> domain name, or in any other term identical with or similar to the BOSCH mark.

61.     Defendant's unauthorized use of the BOSCH mark in connection with the <boschdealer.com> domain name is likely to cause confusion and deception as to source, sponsorship, affiliation, or endorsement with Bosch and its BOSCH mark.

62.     Defendant's continued use of the <boschdealer.com> domain name is done intentionally and with full knowledge of Bosch's prior rights.

63.     Defendant's use of the <boschdealer.com> domain name has been and continues to be done with a bad-faith intent to profit from the BOSCH mark.

64.     Defendant's actions constitute cybersquatting in violation of the Anti-Cybersquatting Consumer Protection Act, Section 43(d) of the Lanham Act, 15 U.S.C.§ 1125(d).

-13-   Case No.

COMPLAINT FOR COUNTERFEITING, TRADEMARK INFRINGEMENT, UNFAIR COMPETITION, FALSE ADVERTISING, AND CYBERSQUATTING

65.     Defendant's acts greatly and irreparably injure Bosch and will continue to so injure Bosch unless restrained by this Court; wherefore, Bosch is without an adequate remedy at law.

## COUNT VI

## (UNFAIR COMPETITION IN VIOLATION OF

## CALIFORNIA BUSINESS AND PROFESSIONS CODE § 17200, *et seq.*)

66.     Bosch repeats and realleges the allegations contained in Paragraphs 1 through 36 as if fully set forth herein.

67.     As detailed above, Defendant has falsely represented that its counterfeit Bosch fuel pumps are new, genuine Bosch fuel pumps, and that its modified Bosch fuel injectors are new, genuine, unmodified Bosch fuel injectors.  By these misrepresentations, Defendant has confused and deceived consumers into believing that its fuel pumps and fuel injectors originate from Bosch, or are otherwise sponsored or approved for the uses promoted by Defendant.

68.     In so doing, Defendant has traded on the goodwill of the Bosch Marks to compete unfairly against Bosch and its genuine Bosch products.

69.     Defendant's aforesaid acts constitute "unlawful, unfair or fraudulent business act[s] or practice[s] and unfair, deceptive, untrue or misleading advertising" in violation of California Business and Professions Code § 17200, *et seq.*

70.     Defendant's acts greatly and irreparably damage Bosch and will continue to so damage Bosch unless restrained by this Court; wherefore, Bosch is without an adequate remedy at law.  Accordingly, Bosch is entitled to, among other relief, an order permanently enjoining and restraining Defendant from using the Bosch Marks in connection with non-genuine Bosch products or modified Bosch products, and from falsely advertising such products, as well as restitution in the

-14-   Case No.

COMPLAINT FOR COUNTERFEITING, TRADEMARK INFRINGEMENT, UNFAIR COMPETITION, FALSE ADVERTISING, AND CYBERSQUATTING

1    form of Defendant's profits from the sales of counterfeit fuel pumps and modified

2    fuel injectors.

### COUNT VII

### (FALSE ADVERTISING IN VIOLATION OF

### CALIFORNIA BUSINESS AND PROFESSIONS CODE § 17500 *et seq.*)

6        71.    Bosch repeats and realleges the allegations contained in Paragraphs 1

7    through 36 as if fully set forth herein.

8        72.    Defendant's actions, as set forth in Paragraphs 15–23 and 25–32,

9    constitute false and/or misleading statements of fact that Defendant knows to be

10   false and/or misleading.

11       73.    Defendant's claims are untrue and have actually deceived, have the

12   tendency to deceive, and/or are likely to deceive consumers.

13       74.    Defendant's misrepresentations have been made with the intent to trade

14   off of Bosch's goodwill in an effort to compete unfairly against Bosch.

15       75.    Defendant's aforesaid misrepresentations constitute false advertising in

16   violation of California Business and Professions Code §§ 17500 and 17505.

17       76.    Defendant's acts greatly and irreparably damage Bosch and will

18   continue to so damage Bosch unless restrained by this Court; wherefore, Bosch is

19   without an adequate remedy at law.  Accordingly, Bosch is entitled to, among other

20   relief, an order permanently enjoining and restraining Defendant from using the

21   Bosch Marks in connection with non-genuine Bosch products or modified Bosch

22   products, or from falsely advertising such products.

### COUNT VIII

### (UNFAIR COMPETITION IN VIOLATION

### OF CALIFORNIA COMMON LAW)

26       77.    Bosch repeats and realleges the allegations contained in Paragraphs 1

27   through 36 as if fully set forth herein.

28

-15-   Case No.

COMPLAINT FOR COUNTERFEITING, TRADEMARK INFRINGEMENT,
UNFAIR COMPETITION, FALSE ADVERTISING, AND CYBERSQUATTING

78.    Defendant's aforesaid acts constitute unfair competition in violation of the common law of the State of California.

79.    Defendant intentionally has traded upon and unfairly benefited from Bosch's valuable goodwill and reputation in order to compete unfairly with Bosch and has been unjustly enriched thereby.

80.    Defendant has misappropriated for itself the commercial value of the Bosch Marks in conscious disregard of Bosch's rights, and has impaired the value of Bosch's goodwill in the Bosch Marks among consumers.

81.    In conducting such acts, Defendant is guilty of oppression, fraud and/or malice, as defined in Cal. Civ. Code § 3294.

82.    Defendant's acts greatly and irreparably damage Bosch and will continue to so damage Bosch unless restrained by this Court; wherefore, Bosch is without an adequate remedy at law.  Accordingly, Bosch is entitled to, among other relief, an order permanently enjoining and restraining Defendant from using the Bosch Marks in connection with non-genuine Bosch products or modified Bosch products.

## **PRAYER FOR RELIEF**

WHEREFORE, Bosch prays that:

1.    Defendant, its officers, agents, servants, employees, representatives, attorneys, their successors and assigns, and all other persons, firms, or corporations in active concert or participation with Defendant who receive notice hereof, including but not limited to all subsidiaries, affiliates, and licensees of Defendant, be permanently enjoined from:

a)    directly or indirectly infringing the above-described registered Bosch Marks in any manner, and specifically:

(1)    using the Bosch Marks, or any reproduction, counterfeit, copy, or colorable imitation of the Bosch Marks, in connection

-16-    Case No.

COMPLAINT FOR COUNTERFEITING, TRADEMARK INFRINGEMENT, UNFAIR COMPETITION, FALSE ADVERTISING, AND CYBERSQUATTING

with the offering, promotion, marketing, or sale of any non-genuine Bosch products or any modified Bosch products;

    (2)    applying the Bosch Marks, or any reproduction, counterfeit, copy or colorable imitation of the Bosch Marks, to any advertisement, website, point of purchase materials, catalogue, brochure, sign, print, press release, or other material used in connection with the promotion, sale and/or offering for sale of any non-genuine Bosch products or any modified Bosch products;

b)    using any mark that is confusingly similar to the Bosch Marks in connection with the manufacture, promotion, sale and/or offering for sale of any non-genuine Bosch products or any modified Bosch products;

c)    using any other trademark, trade name, logo domain name, or design that tends to falsely represent that, or that is likely to confuse, mislead, or deceive consumers to believe that any non-genuine Bosch products or any modified Bosch products originate from Bosch, or that said goods have been sponsored, approved, or licensed by, or are in some way connected or affiliated with Bosch;

d)    engaging in any conduct that tends falsely to represent that, or is likely to confuse, mislead, or deceive consumers, to believe that Defendant or any non-genuine Bosch products or any modified Bosch products are sponsored, approved, or licensed by Bosch, or are in some way connected or affiliated with Bosch;

e)    affixing, applying, annexing, or using in connection with the promotion, advertising, sale, and/or offering for sale of any non-genuine Bosch products or any modified Bosch products a false

COMPLAINT FOR COUNTERFEITING, TRADEMARK INFRINGEMENT, UNFAIR COMPETITION, FALSE ADVERTISING, AND CYBERSQUATTING

description or representation or misleading statement of fact that misrepresents such goods or services, including but not limited to, by falsely representing that such products are new, genuine, and/or non-modified Bosch products and falsely advertising the nature, qualities, characteristics, standard, grade, style, or model of genuine Bosch products, including but not limited to fuel compatibility; and

f)      destroying or otherwise disposing of evidence until final determination of this action, including:

(1)      any fuel pumps, fuel injectors, and other goods offered for sale in connection with any of the Bosch Marks;

(2)      any promotional or advertising materials, packaging, labels, web site versions, or any other unauthorized items that reproduce, copy, counterfeit, imitate or bear any of the Bosch Marks;

(3)      any sales records, ledgers, invoices, purchase orders, advertising agency contracts or placement orders, inventory control documents, recordings of any type whatsoever, and all other business records and documents believed to concern the promotion, sale, or offering for sale of any non-genuine Bosch products, any modified Bosch fuel injectors, or any other products sold or offered for sale in connection with a Bosch Mark.

2.      Defendant, and all others holding by, through, or under Defendant, be required, jointly and severally, to:

a)      account for and pay over to Bosch all profits derived by Defendant from its acts of trademark infringement, unfair competition,

COMPLAINT FOR COUNTERFEITING, TRADEMARK INFRINGEMENT, UNFAIR COMPETITION, FALSE ADVERTISING, AND CYBERSQUATTING

and false advertising, such award to be trebled in accordance with 15 U.S.C. § 1117(a);

b)      account for and pay over to Bosch as restitution all profits derived by Defendant from its acts of unfair competition in accordance with California Business and Professions Code § 17203;

c)      pay to Bosch the amount of all damages incurred by Bosch by reason of Defendant's acts of trademark infringement, unfair competition, and false advertising, such amount to be trebled in accordance with 15 U.S.C. § 1117(a);

d)      pay to Bosch the costs of this action, together with reasonable attorneys' fees and disbursements, in accordance with 15 U.S.C. § 1117(a) and California Civil Procedure Code § 1021.5;

e)      pay to Bosch the greater of treble Defendant's profits or treble the actual damages suffered by Bosch, as well as Bosch's costs, attorneys' fees, and prejudgment interest, for its acts of trademark counterfeiting, in accordance with 15 U.S.C. § 1117(b);

f)      pay to Bosch statutory damages for counterfeiting and willful counterfeiting of each of the Bosch Marks of up to $2 million ($2,000,000) for each type of product sold, offered for sale, or distributed by Defendant, in accordance with 15 U.S.C. §§ 1117(c)(1) and (2);

g)      pay to Bosch statutory damages of $100,000 for cybersquatting in connection with Defendant's bad-faith registration and use of the <boschdealer.com> domain name, in accordance with 15 U.S.C. § 1117(d), and transfer that the <boschdealer.com> domain name to Bosch.

-19-   Case No.

COMPLAINT FOR COUNTERFEITING, TRADEMARK INFRINGEMENT, UNFAIR COMPETITION, FALSE ADVERTISING, AND CYBERSQUATTING

1        h)        pay to Bosch exemplary and/or punitive damages by

2  reason of Defendant's acts of unfair competition, in accordance with

3  Cal. Civ. Code § 3294 and the common law of the State of California;

4        i)        deliver up for destruction all of the Defendant's

5  counterfeit and infringing fuel pumps and fuel injectors, and all labels,

6  signs, prints, packaging, and advertisements therefor, and any molds,

7  matrices, or other means for making the same, in its possession, in

8  accordance with 15 U.S.C. § 1118.

9      3.        Bosch have such other and further relief as the Court deems just

10  and equitable.

11  Dated: March 9. 2016             WILSON TURNER KOSMO LLP

12

13

14                      By:   /s/Meryl C. Maneker/
                              MERYL C. MANEKER

15                                DESSI P. NINTCHEVA

16                                PATTISHALL, MCAULIFFE, NEWBURY,
                              HILLIARD & GERALDSON LLP

17                                THAD CHALOEMTIARANA
                              (*Pro Hac Vice* to be filed)

18                                BRADLEY L. COHN
                              (*Pro Hac Vice* to be filed)

19

20                                Attorneys for Plaintiffs
                              ROBERT BOSCH GMBH

21                                and ROBERT BOSCH LLC

22

23

24

25

26

27

28                               -20-    Case No.

COMPLAINT FOR COUNTERFEITING, TRADEMARK INFRINGEMENT,
UNFAIR COMPETITION, FALSE ADVERTISING, AND CYBERSQUATTING

JS 44 (Rev. 12/12)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| Robert Bosch GMBH and Robert Bosch LLC | Muscle Motors Performance, Inc. |

**(b)** County of Residence of First Listed Plaintiff **Stuttgart Region, Germany**
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant **San Diego County**
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF
THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Meryl C. Maneker (SBN: 188342); Dessi P. Nintcheva (SBN: 207699)
Wilson Turner Kosmo LLP, 550 West C Street, Suite 1050
San Diego, CA 92101 (619) 236-9600

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

☐ 1   U.S. Government
Plaintiff

☒ 3   Federal Question
*(U.S. Government Not a Party)*

☐ 2   U.S. Government
Defendant

☐ 4   Diversity
*(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)*                                *and One Box for Defendant)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - | ☐ 690 Other | ☐ 423 Withdrawal | ☐ 400 State Reapportionment |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Product Liability | | 28 USC 157 | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument | Liability | ☐ 367 Health Care/ | | | ☐ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel & Slander | Pharmaceutical Personal Injury | | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Product Liability | | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 152 Recovery of Defaulted | Liability | ☐ 368 Asbestos Personal | | ☐ 830 Patent | ☐ 470 Racketeer Influenced and |
| Student Loans | ☐ 340 Marine | Injury Product | | ☒ 840 Trademark | Corrupt Organizations |
| (Excludes Veterans) | ☐ 345 Marine Product | Liability | | | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment | Liability | **PERSONAL PROPERTY** | **LABOR** | **SOCIAL SECURITY** | ☐ 490 Cable/Sat TV |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | ☐ 371 Truth in Lending | Act | ☐ 862 Black Lung (923) | Exchange |
| ☐ 190 Other Contract | Product Liability | ☐ 380 Other Personal | ☐ 720 Labor/Management | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal | Property Damage | Relations | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 196 Franchise | Injury | ☐ 385 Property Damage | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| | ☐ 362 Personal Injury - Medical Malpractice | Product Liability | ☐ 751 Family and Medical Leave Act | | ☐ 895 Freedom of Information Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | | ☐ 896 Arbitration |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | ☐ 791 Employee Retirement | **FEDERAL TAX SUITS** | ☐ 899 Administrative Procedure |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | Income Security Act | ☐ 870 Taxes (U.S. Plaintiff | Act/Review or Appeal of |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate | | or Defendant) | Agency Decision |
| ☐ 240 Torts to Land | ☐ 443 Housing/ | Sentence | | ☐ 871 IRS—Third Party | ☐ 950 Constitutionality of |
| ☐ 245 Tort Product Liability | Accommodations | ☐ 530 General | | 26 USC 7609 | State Statutes |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration | | |
| | | ☐ 550 Civil Rights | Actions | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

☒ 1   Original
Proceeding

☐ 2   Removed from
State Court

☐ 3   Remanded from
Appellate Court

☐ 4   Reinstated or
Reopened

☐ 5   Transferred from
Another District
*(specify)*

☐ 6   Multidistrict
Litigation

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
Trademark Act of 1946, as amended, 15 U.S.C. §§ 1051 et seq.

Brief description of cause:
Federal counterfeiting, trademark infringement, unfair competition and false advertising; related state claims

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION
UNDER RULE 23, F.R.Cv.P.

DEMAND $
More than $75,000

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☐ Yes   ☒ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*

JUDGE _____   DOCKET NUMBER _____

DATE
03/09/2016

SIGNATURE OF ATTORNEY OF RECORD
/s/Meryl C. Maneker

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

JS 44 Reverse (Rev. 12/12)

## INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

### Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

I.(a)   **Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

  (b)   **County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

  (c)   **Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

II.   **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; **NOTE: federal question actions take precedence over diversity cases.**)

III.   **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

IV.   **Nature of Suit.** Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section VI below, is sufficient to enable the deputy clerk or the statistical clerk(s) in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

V.   **Origin.** Place an "X" in one of the six boxes.
Original Proceedings. (1) Cases which originate in the United States district courts.
Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.
Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

VI.   **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553  Brief Description: Unauthorized reception of cable service

VII.   **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

VIII.   **Related Cases.** This section of the JS 44 is used to reference related pending cases, if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.