1
2
3
4
5
6
7

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT BOSCH GMBH and, ROBERT BOSCH LLC<br><br>    Plaintiffs,<br><br>    v.<br><br>MUSCLE MOTORS PERFORMANCE, INC.,<br><br>    Defendant. | Case No. 3:16-CV-00594-JAH-BGS<br><br>**STIPULATED PERMANENT INJUNCTION AND FINAL JUDGMENT ON CONSENT AGAINST DEFENDANT MUSCLE MOTORS PERFORMANCE, INC.; AND ORDER THEREON** |

Plaintiffs Robert Bosch GmbH and Robert Bosch LLC (hereinafter, "Plaintiffs") filed their Complaint on March 9, 2016, against Defendant Muscle Motors Performance, Inc. (hereinafter, "Defendant") for counterfeiting, trademark infringement, unfair competition, false advertising, and cybersquatting in violation of the Lanham Act, and for unfair competition and false advertising in violation of California law. Plaintiffs' Complaint is based on allegations that Defendant offered for sale and sold counterfeit BOSCH fuel pumps, that it sold certain modified BOSCH fuel injectors, that it falsely advertised that certain BOSCH fuel injectors were compatible with fuels with which they were not compatible, and that it engaged in cybersquatting with respect to the <boschdealer.com> domain name. Defendants deny these allegations.

**THE COURT FINDS AS FOLLOWS:**

1. This Court has jurisdiction of the subject matter of this action and over the parties hereto, and venue is proper.

2. Plaintiff Robert Bosch GmbH is the owner of the incontestable BOSCH and ⊕ trademarks described in the Complaint (collectively, the "BOSCH Marks"), which are valid and enforceable in law. For many years, and long before Defendant's acts subject to the Complaint, Robert Bosch GmbH and its licensees have used the BOSCH Marks in the United States in connection with the sales of automotive parts, including fuel pumps and fuel injectors. Robert Bosch GmbH is the sole proprietor of all right, title, and interest in and to the BOSCH Marks.

3. Plaintiff Robert Bosch LLC has used the BOSCH Marks for many years, has sold billions of dollars' worth of goods and services in the United States under the BOSCH Marks, and has spent substantial sums marketing and promoting goods and services under the BOSCH Marks.

4. The BOSCH Marks have become well-known and famous in the United States, and the BOSCH Marks represent extremely valuable goodwill for Plaintiffs.

5. Plaintiffs have alleged that Defendant is responsible for the conduct alleged in the Complaint.

6. Defendant has denied the allegations of counterfeiting, trademark infringement, unfair competition, false advertising, and cybersquatting in violation of the Lanham Act, and for unfair competition and false advertising in violation of California law raised in the Complaint.

/ / /
/ / /
/ / /
/ / /
/ / /

PERMANENT INJUNCTION; FINAL JUDGMENT; AND ORDER THEREON

**NOW THEREFORE:**

Judgment is hereby entered in favor of Plaintiffs and against Defendant as follows:

**I.  Permanent Injunctive Relief**

Defendant and its agents, representatives, attorneys, shareholders, officers, directors, employees, parents, subsidiaries, affiliates, predecessors, successors, assigns, and licensees, and all other persons in active concert or participation with them who receive notice hereof are enjoined and restrained permanently from:

A.   Using the BOSCH Marks, or any marks similar thereto, or any reproduction, counterfeit, copy, or colorable imitation of the BOSCH Marks, in connection with the promotion, marketing, advertising, offering for sale, or sale of non-BOSCH goods or services, i.e., goods or services that are not produced by Plaintiffs, or which do not originate from Plaintiffs.

B.   Promoting, marketing, advertising, offering for sale, or selling any modified BOSCH branded products without also clearly disclosing that such modifications do not originate from, and are not endorsed or sponsored by Plaintiffs, and are therefore no longer "genuine" BOSCH products.

C.   Applying the BOSCH Marks, or any reproduction, counterfeit, copy or colorable imitation of the BOSCH Marks, to any advertisement, website, point of purchase materials, catalog, brochure, sign, print, press release, or other material used in connection with the sale and/or offering for sale of any non-genuine BOSCH products.

D.   Using any trademark, trade name, logo, indicia or design that tends to falsely represent that, or that is likely to confuse, mislead, or deceive consumers to believe that any non-genuine BOSCH products originate from Plaintiffs, or that said goods have been sponsored, approved, or licensed by, or are in some way connected or affiliated with Plaintiffs.

/ / /

E. Engaging in any conduct that tends falsely to represent that, or is likely to confuse, mislead, or deceive consumers, to believe that Defendant and any non-genuine BOSCH products are sponsored, approved, or licensed by Plaintiffs, or are in some way connected or affiliated with Plaintiffs.

F. In connection with the promotion, advertising, sale, and/or offering for sale of any BOSCH branded products, using a false description or representation, or a misleading statement of fact, that misrepresents the nature, qualities, characteristics, standard, grade, style, or model of such products, including but not limited to, falsely representing that non-genuine products are genuine BOSCH products or that BOSCH products are compatible with fuel types with which they are not compatible.

G. For a period of three (3) years from the date of this Permanent Injunction and Final Judgment, destroying or otherwise disposing of any sales records, ledgers, invoices, purchase orders, advertising agency contracts or placement orders, inventory control documents, recordings of any type whatsoever, and all other business records and documents believed to concern the promotion, marketing, advertising, offering for sale, or sale of any fuel pump or fuel injector referenced in Plaintiffs' Complaint.

**II.   Transfer of the <boschdealer.com> Domain Name**

Defendant shall transfer the <boschdealer.com> domain name to Plaintiff Robert Bosch LLC. Within ten (10) days of the Effective Date, Defendant shall initiate a transfer of the domain name to Plaintiff Robert Bosch LLC via its registrar of record. The transfer shall be effectuated through Plaintiffs' counsel at Pattishall, McAuliffe, Newbury, Hilliard & Geraldson LLP. Defendant will cooperate in good faith in this transfer and will provide Plaintiffs with all assistance necessary to effectuate this transfer.

**III.   Damages**

Defendant shall pay to Plaintiffs the amount set forth in the parties' settlement agreement dated November 23, 2016, within thirty (30) days of the entry of this Stipulated Permanent Injunction and Final Judgment on Consent.

### IV. Retention of Jurisdiction

The Court retains jurisdiction over this matter for the purpose of enforcing the terms of this Permanent Injunction and Final Judgment on Consent.

**IT IS SO ORDERED.**

Dated:  January 6, 2017

_____
John A. Houston
United States District Judge